UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JIMMIE DARRELL POE, SR.,  )
                               Petitioner,[1]  )
                                     vs.  )        No. 2:14-cv-00324-WTL-DKI
LEANN LARIVA Warden,  )
                               Respondent.  )

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

The petition of Jimmie Darrell Poe, Sr., for a writ of habeas corpus is denied and this action is dismissed. The reason for this disposition is that Poe's petition shows on its face that he is not entitled to the relief he seeks. Specifically, he relies on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), to challenge the validity of his conviction for engaging in a continuing criminal enterprise, *see United States v. Lindsey*, 123 F.3d 978, 984 (7th Cir. 1997), but *Alleyne* does not show that he is entitled to relief.

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States,* 417 U.S. 333, 343 (1974), although 28 U.S.C. § 2241 also supplies a basis for collateral relief under limited circumstances.

---

[1]This court does not use the "ex rel." specification in the caption offered by the petitioner.

"A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). In *Hill*, the Seventh Circuit reiterated: "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.'" 695 F.3d at 648 (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

*Alleyne* is not a statutory interpretation case, but "establishes a new rule of constitutional law." *Simpson v. U.S.*, 721 F.3d 875, 876 (7th Cir. 2013). This makes it a rule inapplicable to the savings provision in § 2255(e). *Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013) ("First, the prisoner must show that he relies on a 'statutory-interpretation case,' rather than a 'constitutional case.'"). Additionally, until the Supreme Court declares otherwise, *Alleyne* may not be applied retroactively to cases on collateral review. *See Kellogg v. U.S.,* 2013 WL 6065331 (N.D.Ala. 2013).

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). This is an appropriate case for such a disposition for precisely the reasons explained above. That is, petitioner Poe has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 11/03/14

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JIMMIE DARRELL POE, SR.
03144-025
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808